STATE EX REL. NELSON, Administrator, Respondent, vs. THOMPSON and others (ANNUITY & PENSION BOARD OF EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF MILWAUKEE), Appellants.

*October 13—November 10, 1942.*

For the appellants there was a brief by *Walter J. Mattison,* city attorney, and *John J. Dolan,* assistant city attorney, and oral argument by *Mr. Dolan.*

For the respondent there was a brief by *Hammersley, Torke & Kelley,* attorneys, and *Norton A. Torke* of counsel, all of Milwaukee, and oral argument by *Mr. Torke.*

ROSENBERRY, C. J.   Ch. 396, Laws of 1937, created a complete retirement system for certain employees of cities of the

first class. In August, 1937, the common council of the city of Milwaukee adopted the provisions of ch. 396, Laws of 1937, thus establishing in the city of Milwaukee for all city employees not under the pension system of the city of Milwaukee, a retirement system.

Clara K. Nelson, the petitioner, died after the taking of the appeal in this case. The action was revived in the name of Frank H. Nelson, administrator of her estate. Frank Nelson, the petitioner's husband, had been employed as a laborer by the city of Milwaukee since May, 1920. He was duly appointed under the civil-service law a bridge tender in March, 1921, and was continuously employed as a bridge tender by the department of public works, bureau of bridges and public buildings, from March, 1921, to the date of his death. Frank Nelson became ill on December 9, 1937. He completed his work on December 9th, but was reported ill on December 10th, and on December 21st he was granted a leave of absence for a period of one month more or less on account of illness.

The retirement system went into effect January 1, 1938. Frank Nelson died on January 2, 1938, not having performed any service after he was taken ill on December 9, 1937. By the terms of the act membership was optional.

"Section 3. *Membership.* (1) *Present employees; election.* Any person who is an employee on the date this act becomes effective in any such city shall, except as hereinafter provided, be eligible for membership and shall become a member as of such date unless, within a period of thirty days thereafter, he files with the board on a blank provided by the board for that purpose written election not to become a member which shall constitute a waiver of all present and prospective benefits which would otherwise inure to him by his participation in the system."

Nelson had not signed such a waiver and on the contrary had sought to be assured that he was entitled to the benefits

of the act. On November 23, 1937, he applied for membership in the retirement system. The provision in regard to ordinary death benefits is as follows:

"(4) Upon the receipt of proper proofs *of the death of a member in active service* which is not the result of an accident in the actual performance of duty as defined in subsection (5) of this section, his accumulated contributions shall be paid to such person, if any, as he has nominated by written designation duly executed and filed with the board."

On behalf of the board it is contended that at the time of his death Nelson was not "a member in active service;" it is further argued that other parts of the act require the term "member in active service" to be so construed as to include only those who are actually performing service in the customary way at time of death; that Nelson was not within that category because at the time he was away on leave of absence and had performed no service for the city since the act went into effect.

Sec. 5 of the act, relating to benefits, contains the following provision:

"(1) (a) Any member in active service who has attained the age of sixty shall be retired," etc.

Sub. (2) of sec. 5 deals with ordinary disability retirement allowance. Sub. (2) (a) is as follows:

"Upon the application of a member in service or of the head of the agency employing him," etc.

Attention is directed to the difference in the language of the two subsections—"Any member in active service" and "Upon the application of a member in service." It is pointed out that a member with ordinary disability is not required to be in active service but may be at home or at the hospital receiving treatment for his physical or mental infirmity.

Sec. 558.8 of the ordinances of the city of Milwaukee is as follows:

"No employee of the city of Milwaukee shall be granted a leave of absence, with or without pay, for a period longer than one year, and no leave of absence shall be granted any such employee unless said employee has been so continuously employed for six months after the expiration of any previous leave of absence; *provided, however, that this section shall not apply to any leave of absence taken on account of illness.*"

Sec. 563.993, which was in force during the year 1937 and up to the date of the trial, provides:

"The heads of all departments, bureaus, institutions, boards, and commissions under the control of the common council shall arrange and designate annual vacation periods of two weeks with pay for all employees who have been engaged in the service of the city for a period of at least one year prior to such vacation without more than thirty consecutive days' intermission during the twelve-month period immediately preceding the vacation, *provided, however, that absence due to illness not in excess of ninety days or to injury received while at work shall not be construed to interrupt the period of employment.*"

Upon the oral argument it was conceded that if Nelson had worked on the 1st day of January he would have been within the terms of the act, and his widow would have been entitled to death benefits, but it is claimed by the defendants having performed no services after the time when the act went into effect he cannot under the circumstances of this case be held to be "in active service" within the meaning of the act. It is considered that so narrow a construction ought not to be given to the words "in active service." Obviously, active service does not mean that the beneficiary is entitled to death benefits only when the employee dies while he is actually engaged in rendering service. If he dies at night, on a holiday, or during a layoff period, his employment is continuous and he is "in

active service" within the meaning of the section. The trial court found as a conclusion of law :

"That Frank Nelson was, within the meaning of the act, a member in active service of the employees' retirement system of the city of Milwaukee at the time of his death on January 2. 1938. This conclusion follows because of his history of employment with the city and the acceptance of his application for membership prior to his death as well as the fact that the discharge of his duties was only temporarily interrupted by illness. That facts in this case are not at all comparable with those cases in which employees of the city were granted leaves of absence to retain their civil-service status and in which their return to employment was hardly to be anticipated. Manifestly each application for the benefits provided by the system must be determined upon the facts in that case."

In this conclusion we concur.

Nelson's service was interrupted by his illness. His leave of absence was given to enable him to recover so as to continue this service. Both the city and Nelson expected him to continue to perform service as soon as able; there was no intention on the part of either to terminate the relation of employer and employee. His absence was excused because of his illness, and was to be only temporary. He was "in active service" when he remained at home to recover his health as much as when he was at home sleeping to recuperate. The regulations contemplated that such absences might occur and provided that they should not terminate the relationship. The regulations make a clear distinction between leaves of absence on account of illness and those granted for other reasons.

*By the Court.*—Judgment affirmed.